1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DANE R. GILLETTE
Chief Assistant Attorney General
3  JULIE L. GARLAND
Senior Assistant Attorney General
4  ANYA M. BINSACCA
Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
7  Telephone: (415) 703-5531
 Fax: (415) 703-5843
8  Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent Robert L. Ayers, Jr.,
9  Warden at San Quentin State Prison
SF2008400405

10

11             IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  **JERRY L. SULLIVAN,**                    No. C 07-4963 VRW (PR)

16                            Petitioner,    **RESPONDENT'S ANSWER
                                             TO THE ORDER TO SHOW
17        v.                                 CAUSE; SUPPORTING
                                             MEMORANDUM OF POINTS
18  **ROBERT L. AYERS JR., Warden,**          AND AUTHORITIES**

19                            Respondent.

20

21                    __INTRODUCTION__

22        Petitioner Jerry Sullivan (C-66878) is a California state prisoner proceeding pro se in this

23  habeas corpus matter in which he challenges the Board of Parole Hearings' July 21, 2006

24  decision denying him parole.[1/]  This Court found cognizable Sullivan's due process claim that the

25  Board's decision was not supported by some evidence in the record.  (Order to Show Cause 2.)

26  ────────────────────────────────────────────

27        1. A proper habeas respondent is the person having custody of the petitioner, such as the
warden.  Rules Governing § 2254 Cases, Rule 2(a).  But because the actions complained of in this
28  Petition concern a parole consideration hearing, "the Board" and "Respondent" will be used
interchangeably for convenience only.

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.        *Sullivan v. Ayers*
                                                                        No. C 07-4963 VRW (PR)

1    Sullivan generally challenges how the Board weighed the evidence, but weighing the

2    evidence is within the Board's exclusive discretion. Further, assuming the some-evidence

3    standard applies, some evidence supports the Board's decision denying Sullivan parole. Thus,

4    the state court's denial of his state habeas petition was not an unreasonable application of United

5    States Supreme Court law, and this Court should deny the Petition.

6                                                    **ANSWER**

7    Respondent Robert L. Ayers Jr., Warden at San Quentin State Prison, as an Answer to the

8    Order to Show Cause, states:

9    1.    Sullivan is lawfully in the custody of the California Department of Corrections

10   and Rehabilitation. (Ex. 1.) In January 1983, Sullivan pled guilty to two counts of kidnap for

11   robbery with the use of a gun, for which he was sentence to life in prison with possibility of

12   parole. Sullivan also plead guilty to two counts of robbery, one count of attempted murder, and

13   one count of aggravated assault for which he was sentenced to a total consecutive term of seven

14   years. (Ex. 1.)

15   2.    Sullivan does not challenge his conviction in this Petition. (Pet., Attached Page

16   1.) Rather, Sullivan challenges the Board's decision denying him parole at his July 21, 2006

17   subsequent parole consideration hearing. (Pet., Attached Page 1.)

18   3.    Respondent disagrees with the Ninth Circuit's decision in *Sass v. California*

19   *Board of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir. 2006), and denies that Sullivan has a

20   liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 12

21   (1979) (finding that a convicted person does not have a federally protected liberty interest in

22   parole release unless the state creates the interest through the "unique structure and language" of

23   its parole statutes, thereby giving inmates an expectancy in parole release); *In re Dannenberg,* 34

24   Cal. 4th 1061, 1087-88 (2005) (clarifying that under California Penal Code section 3041, the

25   setting of a parole release date is neither mandatory nor presumed); *see also Sandin v. Conner,*

26   515 U.S. 472, 484 (1995) (finding that an inmate's constitutional liberty interest is "generally

27   limited to freedom from restraint which . . . imposes atypical and significant hardship on the

28   inmate in relation to the ordinary incidents of prison life"). Accordingly, Respondent preserves

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.          *Sullivan v. Ayers*
                                                                                No. C 07-4963 VRW (PR)

1   the argument that because Sullivan is not in custody in violation of federal law, he has not

2   alleged a federal question and this Court does not have subject matter jurisdiction to decide his

3   Petition. 28 U.S.C. § 2254(a).

4       4. Even if Sullivan has a federally protected liberty interest in parole, he received

5   all the process due under clearly established Supreme Court authority. *Greenholtz*, 442 U.S. at

6   16. As required by *Greenholtz*, Sullivan received an opportunity to be heard (*e.g.*, Ex. 2 at 87-

7   89), and the Board provided a decision informing Sullivan of the bases for denying him parole

8   (Ex. 2 at 90-98). Sullivan also received timely notice of the hearing, and was represented by an

9   attorney at the hearing. (Ex. 2 at 11.)

10       5. Respondent denies that the Supreme Court has ever clearly established that a state

11   parole board's decision must be supported by some evidence. *See Plumlee v. Masto*, 512 F.3d

12   1204, 1210 (9th Cir. 2008) ("What matters are the holdings of the Supreme Court, not the

13   holdings of lower federal courts."); *contra Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007).

14   Alternatively, the state courts correctly determined that some evidence supports the Board's July

15   21, 2006 decision. (*See* Ex. 2); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying

16   the some-evidence standard to prison disciplinary hearings); *In re Rosenkrantz*, 29 Cal. 4th 616,

17   677 (2002); *Dannenberg*, 34 Cal. 4th at 1094-95.

18       6. At his tenth subsequent hearing (Ex. 3), the Board found that Sullivan's crimes

19   were a factor supporting his parole denial (Ex. 2 at 91). Sullivan and his crime partners, William

20   Buford and an unidentified man, executed an elaborate plan to kidnap for ransom a couple, Mr.

21   and Mrs. Reily. Sullivan and his crime partners met the Reilys, who showed them a house for

22   sale. (Ex. 2 at 13-14; Ex. 4 at 3-4.) Sullivan threatened the couple with a gun, drove them to

23   their house, and played a pre-recorded message demanding $150,000 and threatening the rape

24   and murder of Mrs. Reily. (Ex. 2 at 14; Ex. 4 at 4-6.) Sullivan and Buford accompanied the

25   Reilys to their bank, where Mrs. Reily was instructed to withdraw as much money as she could

26   while Mr. Reily was held hostage. (Ex. 2 at 15; Ex. 4 at 7-8.) In the bank, Mrs. Reily was able

27   to summon assistance and when the police arrived, Sullivan tried to escape in the car with Mr.

28   Reily. (Ex. 2 at 15; Ex. 4 at 7-8.) Sullivan crashed the car and after the crash, Sullivan tried to

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.    *Sullivan v. Ayers*
No. C 07-4963 VRW (PR)

1  shoot Mr. Reily but the gun did not fire. (Ex. 2 at 15-16; Ex. 4 at 8-9.) Sullivan then dragged

2  Mr. Reily out of the car at gunpoint, tried to get away, and was soon arrested. (Ex. 2 at 16; Ex. 4

3  at 9.) Mr. Reily sustained a possible broken nose, moderate abrasions on both elbows, and pain

4  to his ankles as a result of Sullivan dragging him through the bushes. (Ex. 4 at 9.) The Board

5  found that the crimes were calculated, especially cruel, and reflected an especially callous

6  disregard for human suffering. (Ex. 2 at 91.) In addition, the Board found that the motive for the

7  crimes, namely, acquiring money, was trivial considering Sullivan was merely living beyond his

8  means. (Ex. 2 at 22, 34-36, 51-52, 61, 91.)

9      7.    In denying Sullivan parole, the Board advised Sullivan to firm up his parole

10  plans and suggested that Sullivan identify the Narcotics Anonymous and Alcoholics Anonymous

11  programs available where he would be released, as well as to secure a sponsor. (Ex. 2 at 94-97.)

12  The Board was validly concerned with Sullivan's ability to maintain his sobriety outside of

13  prison because the psychologist opined that Sullivan's alcohol abuse most likely "contributed to

14  the overall lack of judgment and erosion of the values with which he was raised." (Ex. 2 at 93;

15  Ex. 5 at 3; *accord* Ex. 4 at 2 [reflecting Sullivan's 1982 conviction for drunk driving].) In

16  addition, the Board questioned if the job offer Sullivan received in 2004 still existed. (Ex. 2 at

17  64-66, 94-95.) Finally, the Board noted the victim and the district attorney's opposition to

18  Sullivan's release. (Ex. 2 at p. 95; *see also* Ex. 2 at 77-83.)

19      8.    The Board commended Sullivan for his many accomplishments, behavior in

20  prison, and favorable psychological evaluation, but found that the positive aspects of his behavior

21  did not outweigh the factors of unsuitability. (Ex. 2 at 92-95, 97.)

22      9.    Sullivan filed a habeas petition in the Contra Costa County Superior Court

23  challenging his 2006 parole denial, in which Sullivan generally alleged the same claim

24  underlying this federal proceeding. (Ex. 6.) The superior court deferred to the Board's broad

25  discretion and found that the Board's reliance on the commitment offense was amply supported

26  by the evidence. (Ex. 7 at 7-9.) The superior court's decision was not an unreasonable

27  application of clearly established United States Supreme Court law.

28      10.    On June 13, 2007 and June 26, 2007, Sullivan filed a petition for writ of habeas

1  corpus in the appellate court and a petition for review in the California Supreme Court,

2  respectively. (Exs. 8, 10.) In both petitions, Sullivan generally alleged the same claim

3  underlying this federal proceeding. (Exs. 8, 10.) The appellate and supreme courts summarily

4  denied Sullivan's petitions on June 21, 2007 and September 12, 2007, respectively. (Exs. 9, 11.)

5     11. Respondent admits that Sullivan appears to have exhausted his claim that his due

6  process rights were violated because the Board's decision denying him parole was not supported

7  by some evidence in the record. Respondent does not admit that Sullivan has exhausted this

8  claim to the extent it can be more broadly interpreted. Respondent admits that the Petition does

9  not appear to be barred by any other procedural bar or by the non-retroactivity doctrine.

10     12. Sullivan fails to state or establish any grounds for federal habeas corpus relief.

11  28 U.S.C. § 2254(d).

12     13. Respondent denies that the Board failed to consider relevant and reliable

13  information favorable to Sullivan's suitability. (*E.g.*, Ex. 2 at 92-95, 97.) Respondent further

14  denies that Sullivan has alleged specific facts in support of this allegation. *James v. Borg*, 24

15  F.3d 20, 26 (9th Cir. 1994); *see also* Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring

16  petitioner to state the facts supporting each ground).

17     14. Respondent denies that the Board denied Sullivan parole based solely on

18  Sullivan's commitment offenses. (Ex. 2 at pp. 90-98.) Thus, Sullivan's reliance on the dicta in

19  *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003), and the "particularly egregious" standard

20  established by the California Supreme Court is inapposite.

21     15. Respondent denies that no evidence supported the Board's finding that Sullivan's

22  crimes were calculated, especially cruel, and reflected an especially callous disregard for human

23  suffering. (*E.g.*, Ex. 2 at 13-16; Ex. 4 at 3-9.) Respondent also denies that the Board found that

24  Sullivan's crimes were dispassionate. (Ex. 2 at 91.) Respondent further denies that any clearly

25  established United States Supreme Court law provides that a calculated crime is one which

26  involves premeditation, that Sullivan is not responsible for the actions of his cohorts, or that the

27  Board is prohibited from considering the actions of Sullivan's cohorts when evaluating his parole

28  suitability. Respondent denies that describing Sullivan's crimes as "especially callous" equates

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.    *Sullivan v. Ayers*
No. C 07-4963 VRW (PR)

1  to the crimes being "particularly egregious." *See In re Dannenberg*, 34 Cal. 4th at 1094-95.

2      16.    Except as expressly admitted above, Respondent denies, generally and

3  specifically, every allegation of the Petition, including but not limited to Sullivan's claim that his

4  due process rights were violated because the Board's decision denying him parole was not

5  supported by any evidence in the record.  Respondent further denies that the Board acted

6  arbitrarily and that Sullivan's administrative, statutory, or constitutional rights were violated,

7  including his Fifth and Fourteenth Amendment rights to due process.

8      Respondent respectfully requests that this Court deny the Petition for Writ of Habeas

9  Corpus and discharge the Order to Show Cause.

10  **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **ARGUMENT**

12  **I.**    **SULLIVAN'S FEDERAL DUE PROCESS RIGHTS DO NOT**
    **REQUIRE APPLYING THE SOME-EVIDENCE STANDARD OF**

13         **REVIEW BECAUSE THE SUPREME COURT HAS NOT**
    **ESTABLISHED THAT THAT STANDARD IS APPROPRIATE IN**

14         **THE PAROLE CONTEXT.**

15      The Ninth Circuit has held that the some-evidence standard governs parole cases, even

16  though the Supreme Court has never extended that test from disciplinary cases to parole cases.

17  *See, e.g., Hayward v. Marshall*, 512 F.3d 536, 542 (9th Cir. 2008); *Irons v. Carey*, 505 F.3d at

18  851; *but see Musladin*, ___ U.S. ___, 127 S. Ct. 649, 654 (2006); *Schriro v. Landrigan*, ___ U.S.

19  ___, 127 S. Ct. 1933, 1942 (2007) (no federal habeas relief when the issue is an open question in

20  the Supreme Court's precedent); *see also Wright v. Van Patten*, ___ U.S. ___, 128 S. Ct. 743,

21  745-47 (2008) (per curiam) (reversing decision after having granted certiorari, vacated the

22  judgment, and remanded for further consideration in light of *Musladin* because "No decision of

23  this Court . . . squarely addresses the issue in this case" and, therefore relief under § 2254(d)(1) is

24  "unauthorized"); *Crater v. Galaza*, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin*,

25  the Ninth Circuit acknowledged that decisions by courts other than the Supreme Court are

26  "non-dispositive" under § 2254(d)(1)).  Consequently, this Court should not grant the Petition

27  based on a some-evidence analysis.

28  ////

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.        *Sullivan v. Ayers*
No. C 07-4963 VRW (PR)

II.    **EVEN IF THE SOME-EVIDENCE STANDARD APPLIES, THE PETITION SHOULD BE DENIED BECAUSE THE STATE COURTS DID NOT UNREASONABLY APPLY THAT STANDARD.**

If this Court finds that the some-evidence standard applies, the state courts did not unreasonably apply that standard. The Board's decision must have a factual basis, but that basis need only consist of "some evidence." *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005). This extremely deferential standard of review is satisfied if "there is any evidence in the record that could support the conclusion reached by the [executive decisionmaker]." *Hill*, 472 U.S. at 455-56. Consequently, the court does not independently examine the entire record or reweigh the evidence. *Id.* at 455; *accord Sass*, 461 F.3d at 1128.

Here the superior court properly denied Sullivan's petition based on his crimes. (Answer *supra*, ¶ 9.) The superior court did not specifically acknowledge the Board's reliance on Sullivan's insufficient parole plans, or opposition by the victim and District Attorney's office. (Answer *supra*, ¶ 7.) But this Court can still consider these factors because under AEDPA, this Court's review only addresses whether the state court's decision, as opposed to its reasoning, is an unreasonable application of federal Supreme Court law. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (determining in habeas proceedings that "the intricacies of the state court's analysis need not concern us; what matters is whether the *decision* the court reached was contrary to controlling federal law"). Moreover, the Board properly relied on these factors to deny parole. Cal. Code Regs., tit. 15, § 2402(b) & (c)(1); Cal. Penal Code §§ 3042(a) & (f)(3), 3043.5(b), 3046(c).

In summary, the superior court did not unreasonably apply the some-evidence standard because more than the modicum of evidence required by this standard exists in this case. Thus, this Court should deny the Petition.

### CONCLUSION

Sullivan does not have a federally protected liberty interest in parole and, even if he does, he received all the process due. Further, the some-evidence standard does not apply, but even if it does, the state courts did not unreasonably apply that standard because some evidence supports

1 | the Board's decision denying Sullivan parole.  Accordingly, this Court should deny the Petition.

2 | Dated:  April 14, 2008

3 | Respectfully submitted,

4 | EDMUND G. BROWN JR.
Attorney General of the State of California

5 | DANE R. GILLETTE
6 | Chief Assistant Attorney General

7 | JULIE L. GARLAND
Senior Assistant Attorney General

8 | ANYA M. BINSACCA
Supervising Deputy Attorney General

9 |

10 |

11 | DENISE A. YATES
Deputy Attorney General

12 |

13 | Attorneys for Respondent Robert L. Ayers, Jr., Warden
at San Quentin State Prison

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.

*Sullivan v. Ayers*
No. C 07-4963 VRW (PR)

8

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Sullivan v. Ayers**

No.:    **C 07-4963 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>**April 14, 2008,**</u> I served the attached

### RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Jerry Sullivan, C-66878**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 14, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Palomino | |
| Declarant | Signature |

40241032.wpd