JERRY L. SULLIVAN C-66878
SAN QUENTIN STATE PRISON 3-N-76
SAN QUENTIN, CA 94974

**In Pro Se**



# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

JERRY L. SULLIVAN,                    )   Case No.   07-4963 VRW (PR)
                                      )
              Petitioner,             )   **TRAVERSE TO THE ANSWER**
                                      )   **TO PETITION FOR WRIT OF**
    v.                                )   **HABEAS CORPUS; MEMORANDUM**
                                      )   **OF POINTS AND AUTHORITIES**
ROBERT L. AYERS, JR., Warden,         )
                                      )
_____  )

## INTRODUCTION

Jerry L. Sullivan, (Petitioner), is California state prisoner proceeding pro se in this habeas corpus matter in which he challenges the Board of Parole Hearings (Board) decision on July 21, 2006, denying him parole. Petitioner agrees with Respondent that this Court found cognizable that Petitioner's due process claims have been violated because the Board's decision was not supported by "some evidence" in the record. The state court's decision to deny Petitioner parole was an unreasonable determination of the facts.

## TRAVERSE

As a Traverse to the Answer to the Petition for Writ of Habeas Corpus, Petitioner alleges as follows;

1.    Petitioner admits allegations set forth in Paragraph

1

1, but denies that his continued incarceration is lawful.

2.     Petitioner agrees with Paragraph 2.

3.     Petitioner disagrees with Respondent that the Ninth
Circuit decision in Sass v. California Board of Prison Terms,
461 F.3d 1123, 1128 (9th Cir. 2006) is erroneous. The Ninth
Circuit, as well as this Court, has consistently held that
California prisoners have a liberty interest in parole. This
interest arises as a result of California Penal Code Section
3041 (b), which provides that at a parole consideration hearing,
the Board "shall set a release date unless it determines that
the gravity of the current convicted offense or offenses, or
the timing and gravity of current or past convicted offenses,
is such that consideration of the public safety requires a more
lengthy period of incarceration." Cal. Penal Code § 3041 (b)
(emphasis added). Thus, by denying Petitioner parole the Board
deprived him of a constitutionally-protected liberty interest.

The Ninth Circuit has held that California's parole scheme
creates a cognizable liberty interest in parole because Cal.
Penal Code § 3041 uses mandatory language and is similar to
the Nebraska and Montana statutes addressed in Greenholtz and
Allen respectively. [Greenholtz v. Inmates of Nebraska Penal,
442  U.S. 1, 7 (1979) and Board of Pardons v. Allen, 482 U.S.
369, 371 (1987)] As the Ninth Circuit has explained: "Section
3041 of the California Penal Code creates in every inmate a
cognizable liberty interest in parole which is protected by
the procedural safeguards of the Due Process," and that interest
arises "upon the incarceration of the inmate." Biggs v. Terhune,

2

334 F.3d 910, 914-915 (9th Cir. 2003).

4.      Petitioner denies allegations set forth in Paragraph
4, because although Petitioner received an opportunity to be
heard, and was provided with the reasons for their denial. Due
Process requires that the evidence presented to deny parole
must have some "indicia of reliability." Rosenkrantz v. Marshall,
(C.D. Cal. 2006)  F.Supp. 2d 1063.

5. Petitioner denies allegations that the Supreme Court
has ever clearly established that Board decisions must be
supported by some evidence. The some evidence standard is
appropriate standard in this present case. Recently a Ninth
Circuit Justice cut short the State's argument that the some
evidence standard was inappropriate. She stated that the Circuit
has "held over and over again that the some evidence rule applies
in the parole context... as far as we're concerned it's settled
law and not worth going over again." (See Ninth Circuit Oral
Argument Audio File, available
@http://www.ca9.uscourts.gove/ca9/media.nsf/Media%20
Search?OpenForm&Seq=2 (Case No. 07-1049 at 1:00-1:20).

6.      Petitioner admits that at his tenth parole
consideration hearing the Board heavily relied on Petitioner's
commitment offense to deny him parole. However, although the
Board can rely on the commitment offense alone to deny Petitioner
parole, continued reliance the unchanging factors of the
commitment offense and preconviction factors, in light of
Petitioner's exemplary behavior,  might violate Petitioner's
due process rights. The Ninth Circuit has further explained,

"the test is not whether some evidence supports the reasons the [Board] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety." Hayward v. Marshall, 512 F.3d 536, 543 (9th Cir. 2008).

· 7.    Petitioner admits in part to allegations set forth in Paragraph 7. Nothing in the California Code of Regulations Title 15 (Cal. Regs., Title 15) 2402 (c)(d), which are parole suitability and unsuitability factors, requires prisoners seeking parole, to identify Narcotics or Alcoholics Anonymous programs in order to be found suitable for parole. Furthermore, Petitioner has an exemplary record and participation in several rehabilitation programs, including Alcoholics Anonymous.

8.    Petitioner admits allegations set forth in Paragraph 8, however, the positive aspects need not out weigh the negative aspects in order to find a prisoner suitable. The test in parole suitability or unsuitability is whether the factors relied on by the Board indicate that the prisoner presents an unreasonable risk to public safety.

9.    Petitioner admits allegations set forth in Paragraph 9, except that the superior court's 2006 decision was a unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). (See Ylst v. Nunnenmaker, 501 U.S. 797, 804 (1991).

10.    Petitioner admits the allegations set forth in Paragraph 10.

11.    Petitioner admits allegations in Paragraph 11.

12.    Petitioner denies allegations set forth in Paragraph

4

12. Petitioner has established grounds for federal relief.

13.     Petitioner denies allegations set forth in Paragraph 13 and 14. Respondent fails to show how Petitioner has not established facts that he is suitable for parole. Respondent must have failed to read the evidence it pointed to, because it clearly shows that the Board relied on the commitment offense, which is over 25 years old and if the Board can continuously rely on the commitment offense to deny Petitioner parole, then the Board by defacto changed Petitioner's sentence from life with the possibility of parole to life without the possibility of parole for kidnap and robbery. The Board in the same evidence Respondent has pointed to noted that none of the other unsuitability factors applied to Petitioner, in fact the Board commended Petitioner. The Board further noted that Petitioner had a place to stay and a job offer.

14.     Petitioner denies allegations set forth Paragraph 15. Respondent cites no authority for its claim that there is no U.S. Supreme Court authority that a calculated crime does not require premeditation. Furthermore, Respondent argues that describing Petitioner's offense as "especially callous" does not equate to the crimes being "particularly egregious". Why then is the Respondent arguing against Petitioner being suitable for parole if his offense does not equate to being a "particularly egregious" offense, the standard for which parole is to be denied, pursuant to the two leading California Supreme Court cases. (In re Rosenkrantz, 29 Cal.4th 616; In re Dannenberg, 34 Cal.4th 1061).

5

15.    Except as expressly admitted above, Petitioner denies generally and specifically each and every allegation in the Answer, and specifically asserts that his administrative, statutory and constitutional rights have been violated.

For the reasons stated in his Petition and other filings in this case, and in the following Memorandum of Points and Authorities, the Court should grant the petition. Petitioner re-incorporates all of his contentions of his habeas petition.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### ARGUMENT

**PETITIONER'S DUE PROCESS RIGHTS REQUIRE APPLYING THE SOME-EVIDENCE STANDARD OF REVIEW IN REVIEWING PAROLE DECISIONS TO ENSURE THAT THE BOARD'S STANDARD, "PROPONDERANCE OF THE EVIDENCE" IS MET; THIS IS ESTABLISHED FEDERAL LAW.**

The Board's of parole review is the "Proponderance of Evidence." California Code of Regulations Title 15 (Cal. Regs.,) §2450 "Good Cause" is defined by the Board as "a proponderance of the evidence that there is a factual basis and good reason for the decision made." Cal. Regs., §2000 (b)(48). However, the California Supreme Court has adopted the "some evidence" standard, and has concluded "that the judicial branch is authorized the review the factual basis of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law, but in conducting such a review, the court may inquire only whether some evidence in the record before the board supports the decision to deny parole," (In re Rosenkrantz, (2002) 29 Cal.4th 616, 658 fn. 12).

The "some evidence" standard is clearly established federal law. The some evidence standard was introduced by the Supreme

Court in Superintendent v. Hill, 472 U.S. 445 (1985), which held
that a prison board's revocation of good time credit implicated
a protected liberty interest and must therefore comport with
due process, including a requirement that such decision be
supported by "some evidence." Id. at 455. Similarly, both before
and after the decision in Hill, the U.S. Supreme Court recognized
a federally protected liberty interest in parole where state
statutes contain the requisite mandatory language. Greenholtz
v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 12 (1979);
Bd of Pardons v. Allen, 482 U.S. 369, 378 (1987). Recognizing
that the liberty interest considered in Hill, Greenholtz, and
Allen are materially indistinguishable because "both [parole
and good time credits] directly affect the duration of the prison
term," Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th
Cir. 1987), the Ninth Ciruit held that parole determinations
must be supported by some evidence in order to comport with due
process. Id; (See also Sass v. Cal. Bd. of Prison Terms, 461
F.3d 1123, 1129 (9th Cir. 2006)) ("To hold that less than the
some evidence standard is required would violate clearly
established federal law because it would mean that a state could
interfere with a liberty interest - that in parole - without
support or in an otherwise arbitrary manner."); Phifer, 115 F.3d
at 501 ("The decision of the Parole Commission are analogous
to those of prison disciplinary boards, as in both cases the
state has created the prisoner's liberty interest. Thus, our
review of Parole Commission hearing like our review of prison
disciplinary board hearings, is ... limited to a search of 'some

evidence' in support of the decision.") (internal citations
omitted).

Furthermore, the U.S. Supreme Court recently held that
the "AEDPA does not 'require state and federal courts to wait
for some nearly identical factual pattern before a legal rule
must be applied.'" 551 U.S_____, 126 S.Ct. 2842, 2858, 168
L.Ed.2d 662 (2007) (quoting Masladin, 127 S.Ct. at 656 (Kennedy,
J., concurring)).

II. **THE PETITION SHOULD BE GRANTED BECAUSE THE STATE
COURT DECISION WAS AN UNREASONABLE DETERMINATION
OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED
IN THE STATE COURT PROCEEDING PURSUANT TO 28
U.S.C. § 2454 (d)(1)-(2).**

Petitioner is entitled to relief if the denial of the
writ is (1) "contrary to, or involved an unreasonable application
of clearly established Federal law, as determined by the Supreme
Court of the United States; or (2) resulted in a decision that
was based on an unreasonable determination of the facts in light
of the evidence presented in the state court proceeding." 28
U.S.C. § 2254(d). The Contra Costa County Superior Court's
decision was the last reasoned decision to which § 2254(d)(1)-
(2) applies.

Respondent argues that if the "some evidence"
standard applies, then this Court should deny habeas relief
because the superior court did not unreasonably apply the
standard, because there was more than the modicum of evidence
in this case. However, when this Court review the record it will
find that all factors point to Petitioner's suitability for
parole. Commissioner pointed out the following factors while

8

making the unsuitability factors:

> Although the District Attorney brought out the fact
> about social history. I think that -- I don't think
> your history was that bad.
>
> Your institutional behavior has been -- I would
> say pretty close to been exceptional. You've had
> no 115s. You've had no 128s. and that's remarkable.
>
> You have upgraded yourself vocationally in that you
> have Forklift Driver. You also have a -- a certificate
> in Upholstery. The - and prior to coming in you had
> some skills as a roofer. But I was impressed when your
> attorney indicated 30 -- 37, sir, 37 certificates that
> you received over this time which is an indication to
> us that you are -- you've continued on.
>
> **That every -- every year you come in hear you seem
> to have increased yourself even more and you should
> be -- and you will be commended for that at --- at a
> later time.**
>
> Your psychological evaluation and I'll read that, was
> favorable and I'll go page 3 And the psychiatrist, Dr.
> Inaba, I-N-A-B-A, indicated that one "it  is most likely
> that Mr. Sullivan's abuse of alcohol contributed to the
> overall lack of judgment and erosion of the values
> with which he was raised." which goes back to why I said
> I didn't think that you were -- had an unstable social
> history,... But the fact that you would want to go and
> do something like that is an indication to us that you
> do have remorse... But -- and the last statement that
> I want to quote directly from the psychiatrist report,
> it's also -- and she's stating and I said quote "he's
> also clear about his remorse for his actions and his
> willingness to continue his participation in self-help
> and rehabilitation activities." And bottom-line that's
> an indication to us that you will be a low risk on the
> outside.

(Exhibit "2" pp. 92-94 of Respondent's Answer).

The Board pointed to factors of suitability found in Cal.

Regs., § 2402 (d) (1) absence of juvenile record, (2) a history

of reasonably stable relationships with others, (3) tangible

signs of remorse, (6) lack of a history of violent crime, (9)

responsible institutional behavior. Although the other factors

were not mentioned, Petitioner clearly met the following factors

(7) increased age, which reduces the probability of recidivism, (8) marketable skills and reasonable plans for the future. clearly there is not any evidence to support the Board's decision. By the Board's own admission it stated that the bottom line is that Petitioner would be a low risk on the outside as a result of his continuous participation in rehabilitation programs.

The only other factor that the Board could possibly rely on to deny Petitioner parole would be the commitment offense. California Penal Code § 3041(b) states that at a parole consideration hearing the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration."

The Board held the denial of parole was based on the commitment offense "calculated," "especially cruel," and "created human suffering." The nature of the offense alone can constitute a sufficient basis for denying parole. (See In re Rosenkrantz, (2002) 29 Cal.4th 616, 682). A prisoner can be found unsuitable for parole if he committed the offense a "particularly egregious manner." (Rosenkrantz, supra, at 683) By the Respondent's own words it denies that "describing Sullivan's crimes as "especially callous" equates to the crimes being "particularly egregious." (Respondent's Answer pp. 5-6)

Petitioner cannot escape the underlying offenses, it is

10

irrelevant whether the weapon Petitioner used to commit these offenses was inoperable, (Exhibit "4" p. 10 of Respondent's Answer) nothing can change the fact that he made a bad choice over 25 years ago. It is a tragedy that will never change. Only the Petitioner can change and time can pass.  Petitioner's change has been substantial and exemplary over the past 25 years. (as acknowledged by the Board, Exhibit "2" pp. 92-94 of Respondent's Answer)

Even if Petitioner's offense is 'particularly egregious, after such a passage of time, over 25 years, the underlying offense is no longer the "some evidence" that will rationally support a finding that the public safety requires that Petitioner be found unsuitable for parole. See Hayward v. Marshall, 512 F.3d 536, 545 (9th Cir. 2008) ("a continued reliance on an unchanging factor such as  the circumstances of the commitment offense, preconviction criminal history, or other past conduct, might in some cases result in a due process violation at some point."); Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003) ("A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation."). The Board's reliance on the commitment offense do not withstand constitutional scrutiny. In the context of the relevant California factors, these reasons are not some evidence that "the prisoner will pose an unreasonable risk of danger to society if released from prison." 15 Cal. Regs., § 2402(a). The Ninth Circuit restated

in Irons v. Carey, 505 F.3d 846 (9th Cir. 2007) "in some cases,
indefinite detention based solely on an inmate's commitment
offense regardless of the extent of his rehabilitation, will
at some point violate due process given the liberty interest
in parole that flows from the relevant California' statutes."
In a California State Appellate Court (First District), that
court held that "The commitment offense can negate suitability
only if suitability only if circumstances of the crime reliably
established by evidence in the record rationally indicated that
the offender will present an unreasonable public safety risk
if released from prison.." In re Scott, 133 Cal.App.4th 573,
595.

First of all, the underlying offense occurred 25 years
before this Board's decision. Second, this was atleast
Petitioner's 10 parole consideration hearing. Third, Petitioner
did not even kill anyone. Kidnapping for robbery also always
involves either physical force or threats instilling fear. Threats
are a minimally necessary part of the crime.

Under California law, "The measure of atrociousness is
not general notions of common decency or social norms, for by
that yardstick all murders are atrocious. ... 'All second degree
murders by definition involve some callousness - i.e. lack of
emotion or sympathy, emotional insensitivity, indifference to
the feelings and suffering of others.' Rather, the inquiry is
whether among murders the one committed by [the inmate] was
particularly heinous, atrocious or cruel." In re Gray, 151
Cal.App.4th 379, 404 (2007), citing In re Lee, 146 Cal.App.4th

12

1400 (2006) (italics omitted). The fact that Petitioner did not kill anyone, (compared to the above mentioned prisoners who the state courts found their crimes were not exceptional) does not equate Petitioner's offense as being 'particularly egregious. Petitioner would ask this Court to take judicial notice of a recent decision by a state court regarding a similarly situated prisoner, In re Procopio Martinez Reyes, Case No. 90372 Santa Clara County Superior Court. (See Exhibit 1 Attached to this Traverse)

The other factors relied on by the Board in determining that Petitioner was unsuitable for parole were that Petitioner's parole plans were inadequate. However, the Board itself noted the Petitioner had several vocational certificates of completion and employable skills. Petitioner also had a place to stay with his mother. (See Exhibit 2 pp. 94-97 of Respondent's answer) Petitioner's parole plans did not constitute a denial of parole. Petitioner submitted a habeas petition in this Court in 2004, in which the Board did not approve of Petitioner's plans to live with his mother. (Sullivan v. Ginn Case No. C 04-2397 VRW (PR)) It is unreasonable to deny Petitioner parole because he plans to live with his mother who dearly loves him, and faithfully visits him on a weekly basis.

The Board also relied on opposition of parole by the Contra Costa County District Attorney, and the victim's opposition to parole. The district attorney's opinion without more cannot be considered, (the same applies to the victim's opposition), as "some evidence." (Rosenkrantz v. Marshall, 444   F.Supp.2d 1063,

1080 n.14 (C.D. Cal. 2006). Petitioner's parole plans did not constitute a denial of parole.

California courts have made it clear that the "findings that are necessary to deem a prisoner unsuitable for parole," are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety. (In re Dannenberg, No. H030031, 2007 WL 3408290, at *9 (Cal. Ct. App. Nov. 16, 2007), modified 2007 WL. 4227229 (Cal. Ct. App. Dec. 3 2007); In re Lee, 143 Cal. App. 4th 1400, 1408 (Cal. Ct. App. 2006); In re Scott, 133 Cal. App. 4th 573, 595 (Cal. Ct. App. 2005); (See Cal. Penal Code § 3041 (b) (providing that the Board "shall set a release date unless ... consideration of the public safety requires a more lengthy period of incarceration for this individual"). The appellate court in In re Lee, held that "[t]he test is not whether some evidence supports the reasons the Governor cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety. Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety." Lee, 143 Cal. App. 4th at 1408 (citations and footnote omitted); (See also In re Elkins, 144 Cal. App. 4th 47, 499 (Cal. Ct. App. 2006) (holding that the "governor, in reviewing a suitability determination, must remain focused ... on facts indicating that release currently poses 'an unreasonable risk of danger to society'' (citing Cal. Code Regs. tit. 15 § 2402 (a))); Scott, 133 Cal. App. 4th 591

14

("The factor statutorily required to be considered, and the overarching consideration is 'public safety.'" (citing Cal. Penal Code § 3041(b))).

## CONCLUSION

This is Petitioner's second habeas petition before this Honorable Court, and although this Court denied Petitioner's first petition, (Petitioner did not submit a denial to Respondent's supplemental Answer in the first petition) the reason for this Court's denial was not because Petitioner did not have a federally protected liberty interest. This Court relied on the evidence presented and determined that the superior court decision was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or that it was based on an unreasonable determination of the facts. (Sullivan v. Ginn Case No. C 04-2397 VRW (PR)) This is not the case in this present petition.

The Board pointed to factors of suitability found in Cal. Regs., § 2402 (d) (1) absence of juvenile record, (2) a history of reasonably stable relationships with others, (3) tangible signs of remorse, (6) lack of a history of violent crime, (9) responsible institutional behavior. Although the other factors were not mentioned, Petitioner clearly met the following factors (7) increased age, which reduces the probability of recidivism, (8) marketable skills and reasonable plans for the future. clearly there is not any evidence to support the Board's decision. By the Board's own admission it stated that the bottom line is that Petitioner would be a low risk on the outside as a result of

15

his continuous participation in rehabilitation programs.

The only factor remaining is the commitment offense for which Petitioner plead guilty, and if the Board can continue to use the commitment offense to deny Petitioner parole for atleast 10 parole consideration hearings, and over 25 years of its commitment. The Board, by defacto, has changed Petitioner's offense for which parole is possible, into life without the possibility of parole.

Therefore, if the test is not whether some evidence supports the factors the Board, cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety; And the Board, by its own admission stated that the bottom line is that Petitioner would be a low risk on the outside as a result of his continuous participation in rehabilitation programs, then the reasons for the Board denying Petitioner parole did not meet the "some evidence" standard.

For the above mentioned reasons this Court, in the interest justice and fairness, should grant Petitioner's habeas petition and grant relief prayed for.

Dated: this **30**, day of April 2008.

Jerry L. Sullivan
In Pro Se

## PROOF OF SERVICE

I, <u>Noel Valdivia Sr. C-29917</u>, declare that I am over the age
of 18 years of age and not a party to this matter. I am familiar
with the business practice of the San Quentin's Correctional
staff of collection and processing of correspondence for mailing
with the United States Postal Service.

On April **30**, 2008, I served the attached **"TRAVERSE TO THE ANSWER
TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS
AND AUTHORITIES"** by placing a true copy thereof enclosed in
a sealed envelope with postage thereon addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVE. SUITE 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury under the laws of the State
of California the foregoing is true and correct and that this
declaration was executed on this **30**, day of April 2008, at
San Quentin State Prison 94964.

Noel Valdivia Sr.
**Declarant**

EXHIBIT "1"

1

2

3  RECEIVED
   ATTORNEY GENERAL
   2005 MAR -3  A 10: 00
   CA. DEPT. OF JUSTICE
   SAN FRANCISCO
   MAIL ROOM





KIRI TORRE
Chief Executive Officer/Clerk
Superior Court, CA County of Santa Clara
DEPUTY

8                SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

10

11  _____

12  In re                          )        No.: 90372
                                   )
13       PROCOPIO MARTINEZ REYES,   )
                                   )        ORDER
14  On Habeas Corpus               )
    _____)
15

16       Over 21 years ago Petitioner accepted, pursuant to a plea

17  bargain, an indeterminate term for two counts of kidnapping for the

18  purposes of ·robbery.  Petitioner's minimum eligible parole date

19  arrived ten years ago.  At the time of that initial hearing parole

20  could properly be denied based on the combination of his life crime,

21  his other offenses, and his poor performance in prison for the first

22  few years.  At the present time however, the only evidence in the

23  record is that Petitioner has turned his life around and the previous

24  unsuitability factors no longer apply.  While incarcerated Petitioner

25  has obtained his GED, college credits, and two vocational

26  certificates.  He has obtained the lowest possible classification

27  score and the doctor who examined him for his Psychosocial Assessment

28

                                    1

concluded "to a reasonable degree of medical probability that Mr. Reyes is currently at a low risk of violent behavior." His family, financial, and employment support and prospects are strong. The evidence at the hearing prompted the Santa Clara District Attorney to state, "Mr. Reyes is a most impressive candidate and I'm not sure if I've seen anybody in his category in the times that I've been up here." Even the concurring Deputy Commissioner was moved to say that next year he "would have no reservations giving [Petitioner] a date."

The Presiding Commissioner announced the decision to deny parole and began as follows: "There's -- before we send a case forward for approval we need to make sure that everything is lined up. And I know one of the things that is standing out in this case is the counselor's report." This statement reveals that the reason Petitioner was denied parole is because the Board used an improperly elevated standard of examination. The controlling laws and regulations mandate a balancing of the relevant evidence and suitability factors. However the Board evidently required that "everything" point towards suitability and nothing could be equivocal.

The counselor's report the Board referred to was by a new counselor who admitted an "unfortunate[] lack of knowledge of this inmate" and therefore rated him as having a "moderate violence potential." Reliance on this report as affirmative evidence of Petitioner's dangerousness violated the rule that the evidence "must have some indicia of reliability." (*In re Scott* (2004) 119 Cal.App.4th 871, 899.) The report contains an admission that the Correctional Counselor has no foundation for making a dangerousness

2

1  prediction in this case.  Furthermore, it cannot be ignored that
2  Correctional Counselors, even if they do have extensive experience
3  with the inmate, are not professionally qualified to offer such
4  predictions.

5      After announcing application of an improperly elevated standard,
6  and reliance on the Correctional Counselor's report, the Presiding
7  Commissioner then recited form language to validate the Board's
8  result.  The Board first stated: "there were multiple victims that
9  were attacked in separate incidents." To the extent this was an
10 invocation of Title 15's § 2402(c)(1)(A), it fails because there was
11 no evidence of physical violence.  The Board then stated "And the
12 motives for the crimes were very trivial in relation to the offense,
13 in that these crimes were committed for the sole purpose of obtaining
14 material possession or monies."  This 'finding' is inadequate because
15 material gain is always the motive for a kidnapping for robbery such
16 as Petitioner committed.

17     The Attorney General suggests that there is support for the
18 parole denial because the victims were threatened.  However
19 kidnapping for robbery also always involves either physical force or
20 threats instilling fear.  Threats are a minimally necessary part of
21 the crime.  To the extent the Attorney General has scoured the record
22 in order to proffer 'some evidence' on new theories, the efforts are
23 wasted.  "We must confine our review to the stated factors found by
24 the Board, and all the evidence presented at the parole hearing which
25 is relevant to those findings, not to findings that the Attorney
26 General now suggests the Board might have made." (*In re DeLuna*
27 (2005) ___ Cal.App.4th ___.)  On this point though it should be noted
28

3

1  that the fact there were two victims cannot be used against
2  Petitioner either.   To do so would be to take away from Petitioner
3  the benefit of his plea bargain which was for concurrent terms on the
4  two counts.   As noted in the appeal of this case a party may not
5  "repudiate his agreement" after receiving its benefit.  (Slip opinion
6  at p. 4.  See also *People v. Gipson* (2004) 117 Cal.App.4th 1065 and
7  *People v. Letteer* (2002) 103 Cal.App.4th 1308 regarding plea bargains
8  as contracts.)   Unlike the California Supreme Court cases of
9  *Rosenkrantz* and *Dannenberg*, when there has been a plea bargain the
10 Board may not resurrect the bargained away factors without violating
11 the implied, if not the expressed, basis of the plea.  But in any
12 event, at this point Petitioner is well past his MEPD even if he had
13 been sentenced to consecutive terms.

14

15       The petition is granted and the Board is instructed to, within
16 15 days, conduct a new hearing in accordance with due process.

17

18

19

20 DATED:  *Feb. 28*  , 2005
21                                      LINDA R. CONDRON
                                        JUDGE OF THE SUPERIOR COURT
22

23 cc:   Petitioner(at San Quentin)
        Petitioner's Attorney (Jack Gordon)
24      Attorney General (Scott Mather)

25

26

27

28

4

JERRY L. SULL
SAN QUENTIN STATE PRISON 3-N-76
SAN QUENTIN, CA 94974

Legal Mail

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102-3483

4-30-08